UNITED STATES DISTRICT COURT
FOR TH EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDY MILLHOUSE,

           Plaintiff,         USDC Case No.: _____
                                                   State Case No. 12-005476-CK
                                                   Hon.

v.

CONSUMER PORTFOLIO SERVICES, INC.,
a foreign corporation,

           Defendant.

| GARY D. NITZKIN (P41155) | Charity A. Olson (P68295) |
|---|---|
| Michigan Consumer Credit Lawyers | Olson Law Group |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 22142 West Nine Mile Road | 106 E. Liberty St., Ste. 303 |
| Southfield, MI 48033 | Ann Arbor, MI 48104 |
| 248-353-2882 | 734-222-5179 |
| Fax: (248)353-4840 | Fax: (866) 941-8712 |
| gary@micreditlawyer.com | colson@olsonlawpc.com |

**<u>NOTICE OF REMOVAL</u>**

      Defendant, Consumer Portfolio Services, Inc., ("CPS") through its counsel, Olson Law Group, hereby removes this action from Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan. In support of this Notice of Removal ("Notice"), Defendant states as follows:

      1.     On or about April 23, 2012, Plaintiff filed this action in the Wayne County Circuit Court for the State of Michigan. Pursuant to this Court's ECF guidelines, a copy of the Complaint has been included herein and is incorporated within this pleading.

2. On or about May 1, 2012, the Summons and Complaint were served on Defendant's registered agent in Michigan. A copy of the Wayne County Register of Actions for this matter is attached as **Exhibit A**.

3. This Notice is being filed within thirty (30) days of Defendant's receipt of the Complaint by service or otherwise and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

4. This action involves a controversy that is wholly between citizens of different states under 28 U.S.C. § 1332.

5. At the time of filing of the Complaint, Plaintiff was a citizen of the State of Michigan.

6. Defendant is a California corporation with its principal place of business in Irvine, California.

7. Plaintiff's Complaint seeks recovery of damages in excess of $75,000, inclusive of exemplary damages, attorneys' fees and costs.

8. Insofar as complete diversity exists between the parties and the amount in controversy exceeds $75,000, the case is removal pursuant to 28 U.S.C. § 1441.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been served by mail on Plaintiff's counsel, at the address disclosed in the pleadings, and a copy has been forwarded to the Clerk of the Court for Wayne County Circuit Court. **Exhibit B.**

10. Based on the foregoing, Defendant is entitled to remove this action to this Honorable Court pursuant to 28 U.S.C. § 1441 *et seq*.

**WHEREFORE,** Defendant, Consumer Portfolio Services, Inc. requests that this Court take jurisdiction over this action and grant such other relief as the Court deems just and proper.

                              Respectfully Submitted,

                              /s/Charity A. Olson
                              Charity A. Olson (P68295)
                              Olson Law Group
                              Attorneys for CPS
                              106 E. Liberty St., Ste. 303
                              Ann Arbor, MI 48104
                              734-222-5179
                              Fax: (866) 941-8712
May 15, 2012                colson@olsonlawpc.com

## PROOF OF SERVICE

I, Charity A. Olson, hereby certify that on May 15, 2012, a copy of this Notice of Removal was filed electronically via the Court's ECF system. Notice of this filing will be sent to the following parties by enclosing a copy of same in a pre-addressed, pre-stamped envelope and depositing same in the United States Mail with postage fully paid thereon.

| | |
|---|---|
| GARY D. NITZKIN (P41155) | Clerk of the Court |
| Michigan Consumer Credit Lawyers | Wayne County Circuit Court |
| Attorneys for Plaintiff | 2 Woodward Avenue |
| 22142 West Nine Mile Road | Detroit, MI 48226 |
| Southfield, MI 48033 | |
| 248-353-2882 | |
| Fax: (248)353-4840 | |
| gary@micreditlawyer.com | |

                              Respectfully Submitted,

                              /s/Charity A. Olson
                              Charity A. Olson (P68295)
                              Olson Law Group
                              Attorneys for CPS
                              106 E. Liberty St., Ste. 303
                              Ann Arbor, MI 48104
                              734-222-5179
                              Fax: (866) 941-8712
May 15, 2012                colson@olsonlawpc.com

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

BRANDY MILLHOUSE,
    Plaintiff,                                                          -ck

"vs."

CONSUMER PORTFOLIO SERVICES, INC.
a foreign corporation,
    Defendant.                                                     12-005476-CK

FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/24/2012 8:39:58 AM
CATHY M. GARRETT

## COMPLAINT AND JURY DEMAND

Plaintiff, Brandy Millhouse, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

1. Defendant is a foreign corporation that maintains registered offices in Bingham Farms, County of Oakland, State of Michigan.

2. The transactions and causes of action occurred in the City of Dearborn, County of Wayne, and State of Michigan.

3. The amount in controversy exceeds $25,000 exclusive of court costs, interest and attorneys' fees.

## GENERAL ALLEGATIONS

4. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff, Brandy Millhouse, to Defendant ("the Debt").

1

5. Defendant is the creditor.

6. Plaintiff is in arrears to the Defendant in the amount of $352.00 on the Debt.

7. Pauline Stadler is Brandy Millhouse's grandmother.

8. Ms. Stadler does not owe the alleged debt and is not obligated in any fashion to the Defendant on the Debt.

9. Brandy Millhouse used Ms. Stadler's name as a reference when she purchased the vehicle.

10. Defendant has called Plaintiff, her parents, and Ms. Stadler every time Plaintiff is late on a payment.

11. Plaintiff has been late on several payments to the Defendant.

12. Sometime within the last year, Plaintiff advised the Defendant of the telephone number where it can reach her.

13. Despite having this phone number, Defendant has continued to call the Plaintiff's parents and Ms. Stadler.

14. Sometime in December 2011, Defendant called Pauline Stadler and told her that Plaintiff is driving a stolen vehicle.

15. On or about April 9, 2012, Defendant called Plaintiff, Ms. Stadler, from an unknown number.

16. Ms. Stadler picked the phone up and hung it up. Defendant called her right back and Ms. Stadler answered the phone.

17. During this conversation, Defendant told Ms. Stadler that Plaintiff is going to lose her car.

18. Also, Defendant said to Ms. Stadler, "You're a little too old to be hanging up on me."

19. On or about April 9, 2012, Plaintiff called Defendant back and spoke with a "Mr. Lewis."

20. Mr. Lewis transferred the call to a female representative who answered the phone stating, "Repossession Department."

21. This female representative yelled at Plaintiff and talked over her.

22. Plaintiff told Defendant that they cannot call her relatives.

23. Defendant ended the conversation by stating to Plaintiff, "You have one hour." She then hung up on Plaintiff.

24. To date, Defendant has not filed a lawsuit against Plaintiff, nor have they repossessed her vehicle.

## COUNT I - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

WHEREFORE, PLAINTIFF PRAYS that this court grant the Defendant a judgment of $25,000 plus costs, interest and attorneys' fees as provided for under MCL 445.251 et seq.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

31. Plaintiff realleges above referenced paragraphs as if recited verbatim.
32. The Defendants' pattern of placing telephone calls to the Plaintiffs and third parties was done for the sole purpose of embarrassing and humiliating them.
33. The Defendant's conduct in this regard is extreme and outrageous.
34. The Defendant had no legal basis for placing any telephone calls to third parties and disclosing the debt allegedly owed by them.
35. The Defendant's conduct in placing all of these telephone calls was intentional and deliberately calculated to embarrass the Plaintiffs and inflict emotional distress upon them in an effort to extract money from the Plaintiffs.
36. The Defendant's conduct goes beyond all possible bounds of decency and is utterly intolerable in a civilized community.
37. The Defendant's conduct has caused the Plaintiffs emotional harm and damage.
38. Each of the Defendant's telephone calls to third parties was intended by the Defendant to cause severe emotional harm to the Plaintiffs, and each of them did.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment in excess of $25,000 against the Defendant plus costs, interest and attorneys' fees. Plaintiffs also ask this court for an award of exemplary damages.

4

## COUNT III – INVASION OF PRIVACY – PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS.

39. Plaintiffs reallege the above paragraphs as if recited verbatim.

40. Defendant's disclosure of the debt allegedly owed by the Plaintiffs ("the Disclosed Information") to third parties is highly offensive to the Plaintiffs and would be offensive to a reasonable person.

41. The Disclosed Information is of no legitimate concern to the public.

42. The Disclosed Information was not a matter of public record or otherwise previously exposed to the public eye.

43. The Defendant's conduct in contacting third parties and disseminating the Disclosed Information was intentional and deliberately calculated to embarrass the Plaintiffs and inflict emotional distress upon the Plaintiffs.

44. As a direct and proximate cause of the Defendant's invasion of the Plaintiff's privacy, the Plaintiffs have been damaged in an amount in excess of $25,000 exclusive of costs, interest and attorneys' fees.

WHEREFORE, PLAINTIFFS PRAY that this court grant them a judgment in excess of $25,000 against the Defendant plus costs, interest and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

5

Respectfully submitted.

April 18, 2012

/s/ Gary D. Nitzkin
GARY D. NITZKIN P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Email – gnitzkin@creditor-law.com
(248) 353-2882
Fax (248) 353-4840

6

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | **RETURN OF SERVICE** | CASE NO.<br>12-005476-CK |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**    OR    ☒ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required)

☒ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ____

List all documents served with the Summons and Complaint

12-005476-CK

FILED IN MY OFFICE
WAYNE COUNTY CLERK
on the 5/11/2012 12:15:35 PM
CATHY M. GARRETT
FRI April 27 1:08 pm

| Defendant's name | Complete address(es) of service | |
|---|---|---|
| CONSUMER PORTFOLIO SERVICES, INC. | RA: The Corporation Company<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48025 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief.

| Service fee<br>$ 35 | Miles traveled<br>$ — | Mileage fee<br>$ — | Total fee<br>$ 25.— | Signature *LaCenya Cobb*<br>Name (type or print)<br>Title Legal Secretary |
|---|---|---|---|---|

Subscribed and sworn to before me on __4/27/2012__, Oakland County, Michigan.
Date

My commission expires: __10/2/2012__ Signature: _Brandy Alexis Moore_
Date            Deputy court clerk/Notary public Brandy Alexis Moore
Notary public, State of Michigan, County of __Oakland__

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with ____
                                                        Attachments
on ____
         Day, date, time

on behalf of ____

Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(h), MCR 3.206(A)