UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUHTERN DIVISION

BRANDY MILLHOUSE,

        Plaintiff,

-vs.-

        Case No. 12-cv-12172
        HON. GEORGE CARAM STEEH

CONSUMER PORTFOLIO SERVICES, INC.
a foreign corporation,

        Defendant.

---

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE BY JUNE 18, 2012**

**NOW COMES** the Plaintiff, Brandy Millhouse, LLC, by and through her attorneys, Nitzkin & Associates, and for her Response to this Honorable Court's Order to Show Cause by June 18, 2012, why this case should not be dismissed for lack of federal subject matter jurisdiction in the absence of allegations of an amount in controversy in excess of $75,000.00, states as follows:

At the outset, it is important to note that Plaintiff's Complaint seeks relief pursuant to Mich. Comp. Laws § 445.257, not Mich. Comp. Laws § 445.256 as stated in the Court's Order. While Mich. Comp. Laws § 445.256 does provide for a fine of not more than $5,000 for the first willful violation of the MCPA as stated by the Court, said portion of the MCPA only applies to actions brought by the Michigan Attorney General. See Mich. Comp. Laws § 445.256. Plaintiff seeks relief pursuant to Mich. Comp. Laws § 445.257, which provides a private right of action for "actual damages or other equitable relief." Mich. Comp. Laws § 445.257 further provides that a court "may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater." Plaintiff's Complaint alleges that the Defendant's violation of the MCPA

was willful. Accordingly, Plaintiff's recovery is not limited to a fine of not more than $5,000 as provided under Mich. Comp. Laws § 445.256, but is instead Plaintiff is entitled to recover 3 times her actual damages pursuant to Mich. Comp. Laws § 445.257.

Moreover, Plaintiff has requested exemplary damages, which are akin to punitive damages. 22 Am. Jr. 2d Damages § 544 (2006). As the Sixth Circuit has noted, "punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Under Michigan law, exemplary damages are allowed for tortious conduct by a defendant. *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich 401, 419 (1980). In this case, Plaintiff has plead a cause of action for the tort of intentional infliction of emotional distress. Thus, it is legally possible for Plaintiff to recover exemplary damages in addition to actual damages, and such an award may exceed $75,000. *See Hayes*, 266 F.3d at 573 (holding "that a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy.").

Therefore, it does not appear to a legal certainty that Plaintiff cannot recover the jurisdictional amount; accordingly, this Honorable Court should not dismiss this matter for lack of federal subject matter jurisdiction. Furthermore and in the event than this Honorable Court finds that it does not have federal subject matter jurisdiction over this matter, the Court should remand this matter to state court, where it was originally filed by Plaintiff, rather than dismissing this matter; which would have been improperly removed by the Defendant under such circumstances.

                    Respectfully submitted,

May 31, 2012
                 /s/ Gary Nitzkin
                 GARY D. NITZKIN  P41155
                 NITZKIN & ASSOCIATES
                 Attorneys for Plaintiff
                 22142 West Nine Mile Road
                 Southfield, MI 48034
                 (248) 353-2882
                 Fax (248) 353-4840
                 Email – gnitzkin@creditor-law.com

**Proof of Service**

I, Gary Nitzkin hereby state that on  6/1/2012  , I served a copy of the within pleading upon all counsel as their address appear of record via email using the court's CM/ECF system.

                 /s/ _____